UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THE NEW YORK CITY EMPLOYEES' RETIREMENT
SYSTEM, THE TEACHERS' RETIREMENT SYSTEM
OF THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE PENSION FUND, THE NEW YORK CITY
FIRE DEPARTMENT PENSION FUND,
THE NEW YORK CITY BOARD OF EDUCATION
RETIREMENT SYSTEM,

                        Plaintiffs,

      -against-

THE APACHE CORPORATION,

                        Defendant.

------------------------------------------------------------X

COMPLAINT

08 Civ. 3458

Plaintiffs, the New York City Employees' Retirement System ("NYCERS"), Teachers' Retirement System of the City of New York ("TRS"), the New York City Police Pension Fund ("PPF"), the New York City Fire Department Pension Fund ("FPF"), and the New York City Board of Education Retirement System ("BERS"), collectively referred to as the New York City Pension Funds (the "Funds"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, allege the following:

## PRELIMINARY STATEMENT

1.     The Funds bring this action for preliminary injunctive relief and a final judgment, (1) enjoining defendant, the Apache Corporation ("Apache"), from soliciting stockholder proxies for defendant's 2008 annual meeting for stockholders without informing stockholders of the Funds' stockholder proposal (2) enjoining defendant from employing proxies solicited in such a manner; and (3) directing defendant to make a supplemental mailing to inform stockholders about, and to solicit proxies on, the plaintiffs' stockholder proposal submitted by letter dated October 29, 2007; as required by law. The Funds are public pension funds, each of

which individually holds Apache common stock. The Funds' stockholder proposal, after listing certain principles related to avoiding discrimination based on sexual orientation and gender identity, requests that Apache adopt equal employment opportunity policies based on those principles. Defendant's exclusion of the Funds' stockholder proposal from its proxy solicitation violates Section 14(a) of the Securities Exchange Act of 1934 and Rule 14a-8 of the Securities and Exchange Commission promulgated thereunder.

## JURISDICTION AND VENUE

2. This action arises under Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) ("Securities Act"), Securities and Exchange Commission ("SEC") Rule 14a-8, 17 C.F.R. § 240.14a-8 and 28 U.S.C. § 1331.

3. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 78aa because transactions constituting defendant's violation of law have occurred and will occur in this district.

## PARTIES

4. Plaintiff NYCERS is a public pension system organized and existing under the laws of the State and City of New York for the benefit of hundreds of thousands of present and former employees of the City of New York who are not eligible to participate in any of the other New York City public pension funds. NYCERS has the capacity to sue and be sued. NYCERS is administered by a Board of Trustees which includes three elected employee members, and representatives from the Mayor's Office, Public Advocate of the City of New York, the Comptroller of the City of New York ("Comptroller"), the Office of the Manhattan Borough President, the Office of the Brooklyn Borough President, the Office of the Bronx Borough President, the Office of the Queens Borough President, and the Office of the Staten Island Borough President. Pursuant to statute, the Comptroller is the custodian of the assets and chief investment advisor for NYCERS.

5. Plaintiff TRS is a public pension system organized and existing under the laws

of the State and City of New York for the benefit of hundreds of thousands of present and former public school teachers and other employees of the City of New York. TRS has the capacity to sue and be sued. TRS is administered by a seven member Board of Trustees which includes three elected members of TRS, and representatives from the Mayor's Office, Department of Education, the Comptroller, and Chancellor of the Department of Education. Pursuant to statute, the Comptroller is the custodian of the assets and chief investment advisor for TRS.

6. Plaintiff PPF is a public pension system organized and existing under the laws of the State and City of New York for the benefit of present and former full-time uniformed employees of the New York City Police Department. PPF has the capacity to sue and be sued. PPF is administered by a Board of Trustees which includes representatives from the Mayor's Office, the Comptroller, the Police Commissioner, the New York City Department of Finance, the Patrolmen's Benevolent Association, the Sergeants' Benevolent Association, the Detectives' Endowment Association, the Captains' Endowment Association, and the Lieutenants' Benevolent Association. Pursuant to statute, the Comptroller is the custodian of the assets and chief investment advisor for PPF.

7. Plaintiff FPF is a public pension system organized and existing under the laws of the State and City of New York for the benefit of present and former full-time uniformed employees of the New York City Fire Department. FPF has the capacity to sue and be sued. FPF is administered by a Board of Trustees which includes representatives from the Mayor's Office, the Comptroller, the Fire Commissioner, the New York City Department of Finance, the Uniformed Firefighters Association, the Uniformed Fire Officers Association, and the Uniformed Pilots and Marine Engineer' Association. Pursuant to statute, the Comptroller is the custodian of the assets and chief investment Advisor for FPF.

8. Plaintiff BERS is a public pension system organized and existing under the laws of the State and City of New York for the benefit of present and former non-pedagogical employees of the New York City Department of Education. BERS has the capacity to sue and be

sued. BERS is administered by a Retirement Board which includes two elected employee members and representatives from the Mayor's Office, the Department of Education, the Office of the Manhattan Borough President, the Office of the Brooklyn Borough President, the Office of the Bronx Borough President, the Office of the Queens Borough President, and the Office of the Staten Island Borough President. Pursuant to statute, the Comptroller is the custodian of the assets and chief investment Advisor for BERS.

9. Defendant Apache is incorporated, organized and existing under the laws of the State of Delaware with its registered agent, the Corporation Trust Company, located at 1209 Orange Street, Wilmington, Delaware 19801. Defendant Apache's primary office is located at 2000 Post Oak Boulevard, Houston, Texas 77056-4400.

10. Apache is an independent energy company that explores for, develops and produces natural gas, crude oil and natural gas liquids, with operations in seven regions, the United States Gulf Coast, the United States Central regions, Canada, Egypt, the North Sea, Australia and Argentina.

## THE FUNDS' STOCKHOLDER PROPOSAL

11. The Funds owned individually and collectively, as of October 29, 2007, approximately 912,000 shares of Apache common stock, which had as of that date a market value of nearly $93 million, and were entitled to vote on stockholder proposals at Apache's 2008 annual meeting of stockholders.

12. The Funds, individually and collectively, as of October 29, 2007, had held Apache common stock in excess of $2,000 in market value for at least one year and will continue to do so through the date on which Apache's 2008 annual meeting for stockholders is to be held.

13. The Funds' authorized the Comptroller to present a stockholder proposal on behalf of the Funds, seeking to have Apache adopt equal employment opportunity policies prohibiting discrimination based on sexual orientation and gender identity.

14. The Comptroller notified Apache by letter dated October 29, 2007 of the Funds'

intention to present a stockholder proposal at Apache's 2008 annual meeting of stockholders. The Comptroller requested that its proposal be included in defendant's proxy solicitation for that meeting.

    15.  The Funds' proposal to the Apache stockholders specifically states as follows:

> **WHEREAS,** corporations with non-discrimination policies relating to sexual orientation have a competitive advantage to recruit and retain employees from the widest talent pool;
>
> Employment discrimination on the basis of sexual orientation diminishes employee morale and productivity;
>
> The company has an interest in preventing discrimination and resolving complaints internally so as to avoid costly litigation and damage its reputation as an equal opportunity employer;
>
> Atlanta, Seattle, Los Angeles, and San Francisco have adopted legislation restricting business with companies that do not guaranteed equal treatment for lesbian and gay employees and similar legislation is pending in other jurisdictions;
>
> The company has operations in and makes sales to institutions in states and cities which prohibit discrimination on the basis of sexual orientation;
>
> A recent National Gay and Lesbian Taskforce study has found that 16% -44% of gay men and lesbians in twenty cities nationwide experienced workplace harassment or discrimination based on their sexual orientation;
>
> National public opinion polls consistently find more than three-quarters of the American people support equal rights in the workplace for gay men, lesbians, and bisexuals;
>
> A number of Fortune 500 corporations have implemented non-discrimination policies encompassing the following principles:

1) Discrimination based on sexual orientation and gender identity will be prohibited in the company's employment policy statement.
2) The company's non-discrimination policy will be distributed to all employees.
3) There shall be no discrimination based on any employee's actual or perceived health condition, status, or disability.
4) There shall be no discrimination in the allocation of employee benefits on the basis of sexual orientation or gender identity.
5) Sexual orientation and gender identity issues will be included in corporate employee diversity and sensitivity programs.
6) There shall be no discrimination in the recognition of employee groups based on sexual orientation or gender identity.
7) Corporate advertising policy will avoid the use of negative stereotypes based on sexual orientation or gender identity.
8) There shall be no discrimination in corporate advertising and marketing policy based on sexual orientation or gender identity.
9) There shall be no discrimination in the sale of goods and services based on sexual orientation or gender identity, and
10) There shall be no policy barring on corporate charitable contributions to groups and organizations based on sexual orientation.

**RESOLVED:** The Stockholders request that management implement equal employment opportunity policies based on the aforementioned principles prohibiting discrimination based on sexual orientation and gender identity.

**STATEMENT:** By implementing policies prohibiting discrimination based on sexual orientation and gender identity, the Company will ensure a respectful and supportive atmosphere for all employees and enhance its competitive edge by joining the growing ranks of companies guaranteeing equal opportunity for all employees.

16.     By letter dated January 3, 2008, Apache wrote to the SEC Division of Corporation Finance, requesting the issuance of a "no-action letter," which is a written determination that the SEC staff would not recommend that the SEC take action against Apache if Apache excluded the Funds' proposal from its proxy materials. Apache made that request on the grounds that, pursuant to Rule 14a-8(i)(7), the subject of the proposal impermissibly related to Apache's "ordinary business matters," including "advertising and marketing decisions," "sale of products," and "charitable giving."

17.     By letter dated February 1, 2008, the Comptroller's Office, on behalf of the Funds, wrote to the SEC in response to Apache's January 3, 2008 letter. The Comptroller's Office explained that the "ordinary business" exception did not apply in this instance, because prohibiting discrimination based on sexual orientation and gender identity relates to significant social policy issues, thus transcending "ordinary business." In support of this position, the Comptroller's Office noted that the SEC staff, in its April 3, 2007 Armor Holdings, Inc. letter ("*Armor Holdings*"), declined to issue a "no action letter" with respect to an identical proposal that the Funds presented in 2007 to that company. Apache's January 3, 2008 letter to the SEC had failed to mention *Armor Holdings*. The Comptroller's Office further noted that the SEC, in 1998 formal rulemaking, had expressly reversed its earlier position that a company could omit, on ordinary business grounds, a proposal seeking a prohibition against employment discrimination based on sexual orientation. The Comptroller's Office, accordingly, requested that Apache's request for a "no action letter" be denied.

18.     By letter dated February 8, 2008, Apache responded to the February 1, 2008 letter from the Comptroller's Office. Apache again contended that the Funds' 2008 proposal was excludable from its proxy materials, and attempted to distinguish this matter from *Armor Holdings* by asserting that Armor Holdings Inc., in alleged contrast to Apache, had failed to meet its burden of establishing that the proposal related to ordinary business matters.

19.     On February 14, 2008, the Comptroller's Office wrote to the SEC in response

7

to Apache's February 8, 2008 letter. The Comptroller's Office again requested that Apache's no-action request be denied, emphasizing that neither the Funds' proposals, nor the companies' arguments in *Armor Holdings* and *Apache* were distinguishable.

20. On March 5, 2008, the SEC staff granted Apache's request for a "no-action letter" for the 2008 proposal at issue here, and so issued a letter informing Apache that staff would recommend to the SEC that the SEC take no action against Apache based on its exclusion of the Funds' proposal from its proxy materials.

21. Upon information and belief, Apache filed its proxy statement on March 31, 2008, and sent out its proxy materials for the 2008 annual meeting shortly thereafter. Those proxy materials did not include the Funds' proposal.

22. Upon information and belief, the stockholders of Apache will hold their 2008 annual meeting on May 8, 2008.

## CAUSE OF ACTION

23. The plaintiff restates the allegations of paragraphs 1 through 22.

24. The SEC has promulgated, pursuant to the authority of Section 14(a) of the Securities Act, 15 U.S.C. § 78n(a), rules governing the solicitation of proxies with respect to any security registered pursuant to Section 12 of the Securities Act, 15 U.S.C. § 78l.

25. Apache's equity securities are registered pursuant to Section 12 of the Securities Act, 15 U.S.C. § 78l.

26. Pursuant to its statutory authority, the SEC has promulgated Rule 14a-8, 17 C.F.R. § 240.14(a)a-8 (hereinafter, "Rule 14a-8"), which outlines the procedures for the submission of a stockholder proposal for a company's proxy statement.

27. The Funds have complied with the procedural requirements for including a stockholder proposal in Apache's proxy statement set forth in Rule 14a-8, in that the Funds, individually and collectively, owned for at least one year on the date they submitted the proposal, and intend to own through the 2008 annual meeting, securities whose market value is in excess of

$2,000; that the proposal was submitted in a timely fashion; and that the proposal is otherwise in full compliance with all requirements set forth in Rule 14a-8.

28. Apache must include the Funds' stockholder proposal in Apache's proxy statement pursuant to Rule 14a-8, unless one of the exemptions listed in Rule 14a-8 applies.

29. The exemption set forth in Rule 14a-8(i)(7), the only exemption in Rule 14a-8 cited to the SEC by Apache, does not apply to the Funds' proposal.

30. Exclusion by defendant of the Funds' proposal from defendant's proxy solicitation with respect to defendant's annual stockholder meeting for 2008 will violate SEC Rule 14a-8.

31. Wrongful exclusion of the Funds' stockholder proposal from defendant's proxy materials would deprive the Funds of any meaningful opportunity to inform other stockholders about the content of, and reasons for, the stockholder proposal. Exclusion of the Funds' proposal from the proxy materials also would deprive all stockholders of an opportunity to vote on the Funds' proposal.

32. The Funds have no adequate remedy at law.

**WHEREFORE**, plaintiffs demand preliminary relief and a final judgment:

(a) enjoining defendant from soliciting stockholder proxies for defendant's 2008 annual meeting for stockholders without informing stockholders of plaintiffs' proposal;

(b) enjoining defendant from employing proxies solicited in such a manner;

(c) directing that defendant include plaintiffs' proposal in a supplemental mailing, and to solicit proxies on the proposal in advance of defendant's 2008 annual meeting; and

(d) awarding the costs and disbursements of this action and such further relief as the Court deems just and proper.

Dated:    New York, New York
          April 8, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Lead Counsel for Plaintiffs
                        100 Church Street, Room 5-149
                        New York, New York 10007
                        (212) 788-0989

By: _____
       Jeremy I. Huntone (JH8425)
       Assistant Corporation Counsel

Docket No. 08 CV

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, THE TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK, THE NEW YORK CITY POLICE PENSION FUND, THE NEW YORK CITY FIRE DEPARTMENT PENSION FUND, THE NEW YORK CITY BOARD OF EDUCATION RETIREMENT SYSTEM,

Plaintiffs,

-against-

THE APACHE CORPORATION,

Defendant.

## COMPLAINT

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for Plaintiffs
100 Church Street
New York, N.Y. 10007

*Of Counsel: Jeremy I. Huntone (JIH8425)*
*Tel: (212) 788-0989*

Due and timely service is hereby admitted

New York, N.Y. .........................., 200....

........................................ Esq

Attorney for ................