```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

THE NEW YORK CITY EMPLOYEES' RETIREMENT
SYSTEM, THE TEACHERS' RETIREMENT SYSTEM
OF NEW YORK, THE NEW YORK CITY POLICE
PENSION FUND, THE NEW YORK CITY FIRE
DEPARTMENT PENSION FUND, THE NEW YORK
CITY BOARD OF EDUCATION RETIREMENT
SYSTEM,

          Plaintiffs,

  -against-

THE APACHE CORPORATION,

          Defendant.

---------------------------------------------------------------x

08 Civ. 3458 (CM)

### SCHEDULING ORDER AND ORDER DECLINING TO DEFER TO PENDING ACTION IN TEXAS

McMahon, J.:

    This matter came on before the court yesterday, with the filing of an order to show cause and application for a preliminary injunction and temporary restraining order. The court was on trial and the matter was erroneously sent to Part I, where the sitting judge recused herself, and a second judge scheduled the matter for an immediate conference. The case did not reach me until the end of the day, for which I apologize to the parties and counsel. I was able to hold an emergency conference at 5 PM. At that conference, I made the following rulings, which I now memorialize:

    (1) The parties engaged in a "race to the courthouse" in connection with the defendant's refusal to distribute plaintiffs' proxy proposal to its shareholders. The plaintiffs filed their action for injunctive relief first thing yesterday morning, April 9; the defendant filed an action for declaratory judgment in Federal Court in Texas the preceding afternoon, April 8. The two lawsuits were filed but hours apart. As far as this court is concerned, they were filed virtually simultaneously.

    While the Second Circuit normally adheres to the first-filed rule when two lawsuits cover the same subject matter, City of New York v. Exxon Corp., 932 F. 2d 1020, 1025 (2d Cir. 1991),

Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 555 (S.D.N.Y. 2000), special circumstances justifying an exception are present when the first suit constitutes an "anticipatory filing." Citigroup, *supra*., 97 F. Supp. 2d at 556. In particular, this and other courts in this Circuit have declined to give precedence to preemptive declaratory judgment actions that were filed to short circuit the filing of an action by an aggrieved party, because it is not the purpose of the Declaratory Judgment Act to deprive a plaintiff of its choice of forum to obtain affirmative relief. Citigroup, *supra*., 97 F. Supp. 2d at 557. An action brought pursuant to the Declaratory Judgment Act is "not a means of procedural manipulation in search of a forum perceived by a prospective defendant as more favorable." Lonza Inc. v. Rohm & Haas, Inc., 951 F. Supp. 46, 50 (S.D.N.Y. 1997).

It is particularly appropriate to apply this rule to an action in which the plaintiffs are pension funds associated with the City of New York, a municipal corporation, which are seeking affirmative relief to vindicate their purported right as shareholders – the owners of the defendant corporation – to place a matter relating to corporate policy before their fellow shareholders for a vote. The fact that the two suits were filed within hours of each other suggests that no precedence should be given to Texas over New York. While defendant argued to me yesterday that its suit should take precedence because plaintiffs knew defendant's lawsuit had been filed when they came to this court, it is beyond peradventure that defendant knew plaintiffs were on their way to this court when it filed the declaratory judgment action in Texas.

Accordingly, the court concludes that special circumstances exist that warrant this court's retaining jurisdiction over the Pension Funds' action.

(2) The court has merged the applications for preliminary and permanent injunctive relief, and has set the following schedule: plaintiff's brief in support of injunctive relief has already been filed; defendant's brief in opposition shall be served and filed (with courtesy copies to chambers) by 5 PM on Monday, April 14; plaintiff's reply brief shall be served and filed (with courtesy copies to chambers) by 5 PM on Wednesday, April 16. Although I do not believe oral argument is necessary, the court scheduled oral argument for 2 PM on Tuesday, April 22. I anticipate that a decision will be handed down immediately after oral argument, and that the court will enter judgment so as to facilitate an expedited appeal if the losing party wishes to take the matter up with the Court of Appeals.

Dated: April 10, 2008

                                                                    U.S.D.J.

BY ECF TO ALL COUNSEL