UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | |
|---|---|
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, THE TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK, THE NEW YORK CITY POLICE PENSION FUND, THE NEW YORK CITY FIRE DEPARTMENT PENSION FUND, THE NEW YORK CITY BOARD OF EDUCATION RETIREMENT SYSTEM, | **REPLY DECLARATION OF KAREN J. SEEMEN**<br><br>08-CV-3458 (CM) |

Plaintiffs,

v.

THE APACHE CORPORATION,

Defendant.

------------------------------------------------------------------ x

**KAREN J. SEEMEN**, under penalty of perjury, states the following to be true and correct:

1. I am an Assistant Corporation Counsel in the Pensions Division of the New York City Law Department representing plaintiffs the New York City Employees' Retirement System ("NYCERS"), Teachers' Retirement System of the City of New York ("TRS"), the New York City Police Pension Fund ("PPF"), the New York City Fire Department Pension Fund ("FPF"), and the New York City Board of Education Retirement System ("BERS"), collectively referred to as the New York City Pension Funds (the "Funds"), in this action. I make this reply declaration in support of the Funds' motion for a temporary restraining order, a preliminary injunction, and permanent injunctive

relief. This declaration is based on personal knowledge and the books and records of the City of New York, and conversations with plaintiffs' employees.

2. Based on information and belief, the Office of the Comptroller of the City of New York ("the Comptroller") issued a press release on Friday April 4, 2008 entitled "THOMPSON AND NYC PENSION FUNDS: SEC WRONG TO LET COMPANY SNUB ANTI-DISCRIMINATION MEASURE." A copy of the April 4, 2008 press release is annexed hereto as Exhibit G.

3. The Comptroller's April 4, 2008 press release strongly criticized the United States Securities and Exchange Commission ("the SEC") "for allowing the Apache Corporation to avoid giving shareholders a vote on a measure to ban discrimination based on sexual orientation and gender identity." Comptroller William C. Thompson, who is quoted in the press release, stated that, "The SEC's decision sends a clear message that companies do not have to protect workers from anti-gay bias, and this is wrong." See Exhibit G, page 1.

4. The Comptroller's press release further stated that the Funds and the Comptroller "are now exploring legal options such as appealing the SEC Staff decision to the full Commission and/or filing a lawsuit against Apache." See Exhibit G, page 1.

5. On April 7, 2008, at approximately 10:00 a.m. Eastern Standard Time ("EST"), as a result of Apache's failure to include the Funds' proposal in its proxy materials, I attempted to contact Sarah Ball Teslik, Esq., Senior Vice President for Policy and Governance, Apache Corporation, by telephone. I left a voicemail message for her which indicated, in sum and substance, that I was an attorney for the New York City Law Department, and that I represented the Funds. I also indicated that we intended to file litigation in the United States District Court for the Southern District of New York on the morning of Wednesday April 9, 2008 on behalf of the Funds regarding

2

Apache's failure to include the Funds' proposal in its proxy materials. I further indicated that I would like to talk to her or someone representing Apache to discuss the matter as soon as possible, and left my telephone number so that I could be contacted.

6. Later that day, at approximately 3:00 p.m EST, I once again attempted to contact Ms. Ball Teslik, Esq., by telephone. I left another voicemail message similar to my earlier message, and further indicated that I would be out of the office on April 8, so that if she was unable to contact me on April 7, she should contact my colleague, Jeremy I. Huntone, on April 8, 2008. I provided Ms. Ball Teslik with Mr. Huntone's direct telephone number.

7. Also on April 7, 2008, at approximately 3:00 p.m. EST, I contacted the Corporation Trust Company, the registered agent for Apache located in Wilmington, Delaware. I informed the gentleman who answered on behalf of the Corporation Trust Company that I was attempting to contact a representative of the Apache Corporation to speak to someone regarding the litigation that my office intended to file in the United States District Court for the Southern District of New York on the morning of Wednesday April 9, 2008 on behalf of the Funds. The gentleman confirmed that the Corporation Trust Company was the registered agent for Apache, and that he would contact Apache on my behalf, and telephone me back when he did so. Shortly thereafter, the gentleman contacted me by telephone and informed me that he relayed my information to a representative at Apache.

8. At no time thereafter did Ms. Ball Teslik, Esq., or anyone else on behalf of Apache, return my telephone calls to discuss this matter. Additionally, I have been informed that no one contacted Jeremy I. Huntone or any of the defendants or representatives of the Funds on behalf of Apache to discuss this matter.

9. I am informed that on Tuesday April 8, 2008, at approximately 2:20 p.m. EST,

3

Geoffrey L. Harrison, Esq., attorney for Apache, sent an email transmittal to Richard Simon of the Comptroller's Office, which indicated that a complaint against the Funds was filed earlier in the day. His email transmittal attached the complaint that Mr. Harrison filed with the United States District Court for the Southern District of Texas on behalf of Apache seeking a declaratory judgment against the Funds and the Comptroller. <u>Apache Corporation v. The New York City Employees' Retirement System, et al.</u>, Civil Action H-08-1064 (S.D. Tex.).

10. At no time did Mr. Harrison, or anyone associated with Apache, inform me or anyone else associated with the Funds of Apache's intention to file litigation against the defendants.

11. On Wednesday April 9, 2008, as I previously indicated in my telephone messages to representatives of Apache, the Funds brought an action in the United States District Court for the Southern District of New York, seeking a temporary restraining order, a preliminary injunction, and a final judgment enjoining Apache from soliciting stockholder proxies and employing such proxies for its 2008 annual meeting of stockholders without informing stockholders of the Funds' stockholder proposal, as required by law; and ordering Apache to include the Funds' stockholder proposal in a supplemental mailing of proxy materials, and solicit proxies based upon those corrected materials, in advance of Apache's 2008 annual meeting for stockholders.

12. The United States District Court for the Southern District of New York action asserts that Apache's exclusion of the Funds' proposal violates Rule 14a-8, which provides that all stockholders are entitled to have their proposals included in proxy statements unless one of the exceptions listed in Rule 14a-8(i) applies. Apache has relied on Rule 14a-8(i)(7), the "ordinary business" exception, in claiming that it may exclude the Funds' proposal. On April 9, 2008, this Court heard the Funds' application for a temporary restraining order, and issued an oral decision

merging the Funds' applications for preliminary and permanent injunctive relief, and setting a short briefing schedule with oral argument, which were requested by Apache, and decision scheduled for April 22, 2008. This Court further denied Apache's oral application that its complaint seeking a declaratory judgment filed on April 8, 2008 in the United States District Court for the Southern District of Texas should take precedence as it was filed the day before the Funds' filed its complaint.

13. During the April 9, 2008 conference, counsel for Apache did not object to the scheduled April 22, 2008 date for oral argument and a decision.

14. On April 10, 2008, this Court issued an order entitled, "Scheduling Order and Order Declining to Defer to Pending Action in Texas," which memorialized the Court's oral decision issued on April 9, 2008.

15. On April 10, 2008, Apache filed an Application for a Temporary Restraining Order and for a Preliminary Injunction before the Honorable Gray H. Miller of the United States District Court for the Southern District of Texas seeking: (1) to enjoin the Funds and the Comptroller from taking steps, or requiring Apache to take steps, to alter or supplement Apache's proxy materials in connection with its May 8, 2008 annual meeting of stockholders, or to postpone Apache's annual stockholder meeting; and (2) to enjoin the Funds and the Comptroller from engaging in proceedings presently pending in the United States District Court for the Southern District of New York.

16. On April 10, 2008, the Honorable Gray H. Miller issued an Order directing the Funds and the Comptroller to file responsive papers by April 11, 2008, and setting a hearing date on Apache's motion for Monday April 14, 2008. A copy of the Order dated April 15, 2008 is annexed hereto as Exhibit H.

17. On April 14, 2008, the Honorable Gray H. Miller conducted a hearing regarding Apache's application for a TRO and a preliminary injunction. During the hearing, counsel

5

for Apache argued that Apache would suffer irreparable injury if it had to wait until April 22, 2008 for a ruling from the United States District Court of the Southern District of New York because if the Court ordered a supplemental mailing, it would have to be done by April 17, 2008. Counsel for the Funds and the Comptroller indicated that Apache never raised this objection before your Honor, and therefore should not consider it.

   18. On April 15, 2008, the Honorable Gray H. Miller of the United States District Court for the Southern District of Texas issued an Order denying Apache's application for a temporary restraining order, and further ordering a consolidated hearing on Apache's application for a preliminary injunction with a trial on the merits for April 21, 2008. A copy of the Order dated April 15, 2008 is annexed hereto as Exhibit I.

Dated: New York, New York  
April 16, 2008

            MICHAEL A. CARDOZO  
            Corporation Counsel of the  
              City of New York  
            Counsel for Plaintiffs  
            100 Church Street, Room 5-143  
            New York, New York 10007  
            (212) 788-1197

           By: _____  
            Karen J. Seemen (KS6545)  
            Assistant Corporation Counsel

# EXHIBIT G

# Press Releases

PR08-04-035
April 4, 2008

Press Office
212-669-3747

## THOMPSON AND NYC PENSION FUNDS: SEC WRONG TO LET COMPANY SNUB ANTI-DISCRIMINATION MEASURE

View Apache resolution
View SEC decision

New York City Comptroller William C. Thompson, Jr. and the New York City Pension Funds today criticized the federal Securities and Exchange Commission (SEC) for allowing the Apache Corporation to avoid giving shareholders a vote on a measure to ban discrimination based on sexual orientation and gender identity.

"This is outrageous and blatantly contradicts the SEC's established record on these matters," Comptroller Thompson said. "The SEC's decision sends a clear message that companies do not have to protect workers from anti-gay bias, and this is wrong."

Earlier this year, the Pension Funds filed a shareholder resolution calling on two dozen of America's largest companies – including the Houston, TX-based company - to bar discrimination based on sexual orientation and gender identity – nearly twice as many proposals as in the previous proxy season. To date, eight of those companies have agreed to make the change.

But Apache wrote to the SEC, asking for assurance that there would not be any enforcement action against Apache if it were to exclude the resolution from its proxy materials this season. Staff of the SEC's Division of Corporation Finance recently granted Apache's request by issuing a "no-action" letter.

"There appears to be some basis for your view that Apache may exclude the proposal," the SEC staff wrote. "We note in particular that some of the principles relate to Apache's ordinary business operations. Accordingly, we will not recommend enforcement action to the Commission if Apache omits the proposal from its proxy materials."

Thompson, whose office filed papers documenting the SEC's prior denial of "no-action" relief with respect to an identical shareholder proposal less than a year ago, said the New York City Pension Funds and his office are now exploring legal options such as appealing the SEC Staff decision to the full Commission and/or filing a lawsuit against Apache.

"Corporate America must embrace acceptance and afford all employees the same protections, regardless of their sexual orientation or gender identity," Thompson said. "Each year, more companies are making this commitment because they believe in guaranteeing equal treatment in the workplace and that a diverse workplace is good for business. The SEC's decision flies in the face of all the progress that has been achieved."

You can read the City's resolution and the SEC's decision at www.comptroller.nyc.gov.

The five New York City Pension Funds are the: New York City Employees' Retirement System (NYCERS), New York City Police Pension Fund, New York City Fire Department Pension Fund, New York City Teachers' Retirement System (TRS) and New York City Board of Education Retirement System. Collectively, they have 930,337 shares valued at more than $100 million in Apache.

The resolutions specifically called for companies that have not already done so to revise their policies to forbid discrimination based on sexual orientation and gender identity. This is the second proxy season in

In addition to Apache, this season's resolutions were filed with: HCC Insurance Holdings of Houston, TX; Timken Company of Canton, OH; ExxonMobil Corp. of Irving, TX; AK Steel Corp. of Middletown, OH; Fidelity National Financial, Inc. of Jacksonville, FL; Brink's Company of Richmond, VA; Liberty Global, Inc. of Englewood, CO; Lyondell Chemical Company of Houston, TX; Eastman Chemical Co. of Kingsport, TN; Tesoro Corp. of San Antonio, TX; Murphy Oil Corp. of El Dorado, AR; Kelly Services, Inc. of Troy, MI; EchoStar Communications Corp. of Englewood, CO; Huntsman Corp. of Salt Lake City, UT; Marshall & Ilsley Corp. of Milwaukee, WI; Frontier Oil Corp. of Houston, TX; Borg Warner. Inc. of Auburn Hills, MI; Anadarko Petroleum Corp. of The Woodlands, TX; Synovus Financial Corp. of Columbus, GA; Erie Indemnity Company (Erie Insurance) of Erie, PA; SPX Corporation of Charlotte, NC; American Financial Group, Inc. of Cincinnati, OH; and, Leggett & Pratt, Inc. of Carthage, MO.

The Funds hold nearly 30 million shares worth nearly $2.2 billion in those companies.

This season to date, seven companies have agreed to make the change: Erie Indemnity, SPX Corp., The Brink's Company, Synovus Financial Corp., AK Steel Corp. and Marshall & Ilsley Corp., and Liberty Global. The Comptroller's Office has since withdrawn those resolutions.

This is the eighth time that the Funds have filed a measure with ExxonMobil, with each year bringing stronger support from its shareholders. The measure calls for ExxonMobil to amend its Equal Employment Opportunity policy to bar discrimination based on sexual orientation and gender identity.

Shareholder support for the proposal has increased in each subsequent year it has been filed: in 2007, it was supported by 37.7 percent of shares voted; in 2006, it was supported by 34.6 percent of shares voted; and in 2005, it was supported by 29.4 percent.

"We must remain steadfast in our efforts to bring about change and urge ExxonMobil to establish equal rights in the workplace," Thompson said. "While it is heartening that a number of shareholders agree that ExxonMobil must take steps to provide equal protections for all employees, it is extremely troubling and downright unacceptable that ExxonMobil has strongly resisted the call."

The resolutions build on proposals submitted by the Pension Funds for more than a decade asking dozens of Fortune 500 companies to adopt policies that explicitly prohibit discrimination based on sexual orientation.

To date, 52 companies have amended their policies to include protections against discrimination based on sexual orientation and/or gender identity.

Besides Thompson, the New York City Pension Funds' trustees are:

New York City Fire Department Pension Fund: Mayor Michael Bloomberg; New York City Fire Commissioner Nicholas Scoppetta (Chair); New York City Finance Commissioner Martha E. Stark; Stephen Cassidy, President, James Slevin, Vice President, Robert Straub, Treasurer, and John Kelly, Brooklyn Representative and Chair, Uniformed Firefighters Association of Greater New York; Michael Currid, Captains' Rep.; John J. McDonnell, Chiefs' Rep., and Stephen J. Carbone, Lieutenants' Rep., Uniformed Fire Officers Association; and, Joseph Gagliardi, Marine Engineers Association.

New York City Police Pension Fund: Mayor Michael Bloomberg; New York City Finance Commissioner Martha E. Stark; New York City Police Commissioner Raymond Kelly (Chair); Patrick Lynch, Patrolmen's Benevolent Association; Michael Palladino, Detectives Endowment Association; Edward D. Mullins, Sergeants Benevolent Association; Thomas Drogan, Lieutenants Benevolent Association; and, Roy. T. Richter, Captains Endowment Association.

New York City Employees' Retirement System: New York City Finance Commissioner Martha E. Stark (Chair); New York City Public Advocate Betsy Gotbaum; Borough Presidents Scott Stringer (Manhattan),

...Helen Marshall (Queens), Marty Markowitz (Brooklyn), Adolfo Carrion (Bronx), and James Molinaro (Staten Island); Lillian Roberts, Executive Director, District Council 37, AFSCME; Roger Toussaint, President, Transport Workers Union Local 100; and, Gregory Floyd, President, International Brotherhood of Teamsters, Local 237.

Teachers' Retirement System: New York City Finance Commissioner Martha E. Stark (Chair); Deputy Chancellor Kathleen Grimm, New York City Department of Education; and, Sandra March, Melvyn Aaronson and Mona Romain, all of the United Federation of Teachers.

Board of Education Retirement System: mayoral appointees Schools Chancellor Joel Klein, Alan Aviles, Philip Berry, David Chang, Tino Hernandez, Edison O. Jackson, Richard Menschel and Marita Regan; Luis Peguero (Bronx), Patrick Sullivan (Manhattan), Wendy Gilgeous (Brooklyn), and Joan Correale (Staten Island); and employee members Joseph D'Amico of the IUOE Local 891 member and Milagros Rodriguez of District Council 37, Local 372.

###

# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APACHE CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-08-1064 |
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Pending before this court is plaintiff's verified application for a TRO and for a preliminary injunction. *See* Dkt. 5. Defendants shall file a response to plaintiff's motion no later than close of business Friday, April 11, 2008. An oral hearing will be held on plaintiff's motion on Monday, April 14, 2008 at 3:00 p.m. in Courtroom 9-D, 515 Rusk, Houston, Texas. Plaintiff shall provide a copy of this order to all parties.

Signed at Houston, Texas on April 10, 2008.

_____
Gray H. Miller
United States District Judge

**EXHIBIT I**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APACHE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-1064 |
| | § | |
| THE NEW YORK CITY EMPLOYEES' | § | |
| RETIREMENT SYSTEM, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the court is plaintiff Apache Corporation's verified application for a temporary restraining order (Dkt. 5.) The court has reviewed the motion, all of the responsive pleadings, the arguments of counsel, and the applicable law. Apache has failed to meet its burden of persuasion; therefore, its application for a temporary restraining order is DENIED.

### DECLARATORY JUDGMENT ACT

As a preliminary matter, the court finds that this declaratory action is properly before the court. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (1994). The United States Supreme Court has repeatedly characterized the Declaratory Judgment Act as an "enabling" statute only, "confer[ing] a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (quoting *PSC v. Wycoff Co.*, 344 U.S. 237, 241 (1952)) (internal quotation marks omitted). Therefore, "the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness

informed by the teachings and experience concerning the functions and extent of federal judicial power." *Id.* (quoting *Wycoff*, 344 U.S. at 241).

In *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000), the Fifth Circuit set out a three-step process for courts to follow in deciding whether to dismiss a declaratory judgment action. "A federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003). If the action is justiciable and is within the court's authority, the court must determine how best to exercise its authority.

A declaratory judgment action is justiciable if "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Group Specialty, Inc. v. Matthew/Muniot Family, L.L.C.*, 322 F.3d 835, 838 (5th Cir. 2003). Apache is seeking a declaration that pursuant to the rules promulgated under the Securities Exchange Act of 1934 it properly excluded defendants' shareholder proposal from the proxy materials sent to shareholders in anticipation of the company's annual shareholders' meeting. Hence, the action is justiciable.

Section 2201 is a procedural provision only extending to controversies within the jurisdiction of the federal courts. *Gaar v. Quirk*, 86 F.3d 451, 453-54 (5th Cir. 1996); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1176-77 (5th Cir. 1984). As such, federal courts may not entertain declaratory judgment actions unless there is an independent basis for subject matter jurisdiction. *Lowe*, 723 F.2d at 1177. As the present case is based on a federal question, under the 1934 Exchange Act and pursuant to 28 U.S.C. § 1331, and diversity of citizenship, pursuant to 28 U.S.C.

2

§ 1332, the jurisdictional requirements are satisfied. Apache's request for declaratory relief is within this court's jurisdiction.

Having found the suit both justiciable and within its jurisdiction, the court must next determine the propriety of exercising its discretion under the Declaratory Judgment Act. "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). The "first-to-file" rule is grounded in principles of comity and sound judicial administration. "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf*, 751 F.2d at 728. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* at 729; *see also Col. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-20, 96 S. Ct. 1236 (1976).

This general standard controls absent compelling circumstances. *Hortex*, 439 F.2d at 407 (citing *Rickey Land & Cattle Co. v. Miller & Lux*, 218 U.S. 258, 31 S. Ct. 11 (1910); *In re Georgia Power Co.*, 89 F.2d 218 (5th Cir. 1937); *Tivoli Realty v. Interstate Circuit*, 167 F.2d 155 (5th Cir. 1948)). The record evidence fails to show that defendants delayed their filing of the parallel New York lawsuit because of ongoing settlement discussions. Therefore, Apache's filing its complaint in this court is not improper anticipatory litigation or abusive forum shopping. *See, e.g.,*

3

*Sherwin-Williams Co.*, 343 F.3d at 391. Invariably, litigants choose a forum when they file suit. The exercise of that choice, alone, cannot present circumstances compelling nonadherence to the first-to-file rule. "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of . . . litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Id.*

In addition to the anticipatory filing and forum choice considerations, the Fifth Circuit requires a district court, before exercising its discretion under the Declaratory Judgment Act, to determine whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve the purposes of judicial economy. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994).[1] Defendants have not shown the New York forum more convenient. Apache's headquarters and annual shareholders' meeting are in Houston, Texas. Moreover, Apache alleges, and defendants do not dispute, that relevant documents and necessary witnesses are also located in Houston, Texas. Resolving this case is going to require travel and inconvenience, whether the case is tried in Texas or New York. Although pursuing the cause in New York will be slightly more convenient for defendants, adjudicating the matter in Texas will be equally convenient for Apache. Lastly, both courts are equally capable of applying federal law to resolve the case. Therefore, the New York forum is no more, and perhaps slightly less, convenient than the Texas forum.

Similarly, litigating the claim in New York will be no more judicially economical than doing so in the Texas court. Both courts have been presented with substantial briefing on the issue and

---

[1] Because the parallel litigation is in a sister-federal court, the following *Trejo* factors do not apply: whether there is a pending state action in which all of the matters in controversy may be fully litigated, and whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

4

held hearings on the dispute. Neither case has progressed more quickly, and consolidation of either case into the other will serve judicial economy and result in more efficient trial management. Nevertheless, this alone is insufficient cause to deviate from the first-to-file rule by dismissing or transferring this matter to New York.

For the foregoing reasons, litigating this dispute in this court is not inappropriate, burdensome, or prejudicial. The court, therefore, finds it appropriate to exercise its discretion under the Declaratory Judgment Act.

## TEMPORARY RESTRAINING ORDER

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991); *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co.*, 335 F.3d at 363; *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990); *Miss. Power & Light v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).

Apache has failed to meet its burden of persuasion. Therefore, its application is DENIED.

## CONCLUSION

For the foregoing reasons, Apache's application for a temporary restraining order is DENIED. Furthermore, it is

ORDERED that the parties appear before this court on April 21, 2008, at 2:00 p.m., at which time an oral hearing will be held on Apache's application for a preliminary injunction.

From the court's review of the briefing and evidence related to Apache's application for a temporary restraining order it is apparent that the parties have sufficiently developed the record in this case to proceed to trial on the merits. Therefore, because the issue before this court is a question of law requiring urgent resolution in advance of Apache's May 8, 2008, annual shareholders' meeting, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, it is

ORDERED that the hearing on Apache's application for preliminary injunction be consolidated with trial on the merits. All supplemental filings must be submitted to the court no later than end of business April 18, 2008.

Signed at Houston, Texas on April 15, 2008.

Gray H. Miller
United States District Judge