UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK CITY EMPLOYEES' RETIREMENT
SYSTEM, THE TEACHERS' RETIREMENT SYSTEM OF
THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE PENSION FUND, THE NEW YORK CITY FIRE
DEPARTMENT PENSION FUND, THE NEW YORK
CITY BOARD OF EDUCATION
RETIREMENT SYSTEM,

      Plaintiffs,

         v.

THE APACHE CORPORATION,

      Defendant.

**DECLARATION OF
PATRICK DOHERTY**

08-CV -3458 (CM)

 

**PATRICK DOHERTY,** declares that the following is true and correct under penalty of perjury:

      1.     I am the Director of Corporate Social Responsibility for the Pension Policy Division of the Office of the Comptroller of the City of New York ("the Comptroller's Office"). I submit this declaration in support of the motion of the New York City Employees' Retirement System ("NYCERS"), the Teachers' Retirement System of the City of New York ("TRS"), the New York City Police Pension Fund ("PPF"), the New York City Fire Department Pension Fund ("FPF"), and the New York City Board of Education Retirement System ("BERS"), collectively referred to as the New York City Pension Funds' (the "Funds"), for a preliminary injunction and permanent injunctive relief enjoining defendant The Apache Corporation ("Apache") from soliciting stockholder proxies and employing such proxies for its 2008 annual meeting of stockholders without informing stockholders of the Funds' stockholder proposal, as

required by law; and ordering Apache to include the Funds' stockholder proposal in a supplemental mailing of proxy materials, and solicit proxies based upon those corrected materials, in advance of Apache's 2008 annual meeting for stockholders.

2.    My responsibilities include preparing and submitting proposals for consideration by stockholders at the annual meetings of companies in which the Funds are stockholders, and communicating with those companies regarding those proposals.

3.    On October 29,2007, I sent a letter to Apache stating the intent of the Comptroller's Office, on behalf of the Funds, to propose at Apache's 2008 annual meeting of stockholders, a proposal that Apache amend its equal employment opportunity policy ("EEO policy") to include "sexual orientation and gender identity" as protected classes, and to request that the proposal be included in the proxy solicitation materials for that annual meeting. See Simon's Decl. Exhibit A.

4.    I am informed that in a telephone conversation on November 7, 2007, Kenneth Sylvester, Assistant Comptroller for Pension Policy for the Comptroller's Office, advised Sarah Ball Teslik, Senior Vice President for Policy and Governance for Apache, that Apache could fully satisfy the terms of the Fund's proposal by including "sexual orientation and gender identity" as protected classes in its EEO policy and that if Apache agreed to do so, the Funds would immediately withdraw their proposal. I am further informed that, consistent with our position that the resolved clause of the shareholder proposal at issue only seeks to have Apache amend its EEO policy to include these two additional categories, Mr. Sylvester's offer did not require Apache to incorporate into its EEO Policy any of the principles listed in the last whereas clause of the Funds' proposal.

5.    Later on the same day, the Comptroller's Office received an email in response from Ms. Teslik, acknowledging that the Funds' proposal seeks to have "sexual

orientation and gender identity" included as protected classes in Apache's EEO policy, and that

Apache's EEO policy does not specify these categories as protected classes. Ms. Teslik did not agree

to have Apache add those categories to its EEO Policy. The email dated November 7, 2008 is

annexed hereto as Exhibit J.

      6.    On November 21,2007, the Comptroller's Office received a further email

from Ms. Teslik, which proposed that if the Funds agree to withdraw their proposal, she would

arrange a "face-to-face" meeting with Apache's Chief Executive Officer ("CEO").   The email

dated November 21, 2008 is annexed hereto as Exhibit K.

      7.    Either that day or shortly thereafter, I spoke to Ms. Ball Teslik and

reiterated to her that the Comptroller's Office would withdraw the proposal if Apache simply agreed

to include "sexual orientation and gender identity" as protected classes in its EEO policy. I further

informed her that we would not withdraw the proposal simply in exchange for a meeting with the

CEO of Apache. Once again, we did not ask Apache to incorporate into its EEO policy any of the

principles listed in the last whereas clause of the Funds' proposal. Ms. Teslik indicated that Apache

would not accept our proposed settlement offer.

      8.    I spoke to Ms. Teslik again the following week, and again informed her

that the Comptroller's Office would withdraw the proposal if Apache agreed to include "sexual

orientation and gender identity" as protected classes in its EEO policy, and again emphasized that

we were not asking Apache to incorporate into its EEO Policy any of the principles listed in the last

whereas clause of the Funds' proposal. Ms. Teslik did not indicate that Apache would

accept that renewed offer.

      9.    In addition to Apache, the Comptroller's Office, on behalf of the Funds, in

2007 requested that two dozen other companies include nearly identical resolutions in their proxy

solicitation materials. The Comptroller's Office filed these resolutions with: HCC Insurance

Holdings of Houston, Texas; Timken Company of Canton, Ohio; ExxonMobil Corp.

of Irving, Texas; AK Steel Corporation of Middletown, Ohio; Fidelity National Financial, Inc.
of Jacksonville, Florida; Brink's Company of Richmond, Virginia; Liberty Global, Inc. of
Englewood, Colorado; Lyondell Chemical Company of Houston, Texas; Eastman Chemical
Company of Kingsport, Tennessee; Tesoro Corporation of San Antonio, Texas; Murphy Oil
Corporation of El Dorado, Arkansas; Kelly Services, Inc. of Troy, Michigan; EchoStar
Communications Corporation of Englewood, Colorado; Huntsman Corporation of Salt Lake
City, Utah; Marshall & Ulsley Corporation of Milwaukee, Wisconsin; Frontier Oil Corporation
of Houston, Texas; Borg Warner Inc. of Auburn Hills, Michigan; Anadarko Petroleum
Corporation of The Woodlands, Texas; Synovus Financial Corporation of Georgia; Erie
Indemnity Company (Erie Insurance) of Erie, Pennsylvania; SPX Corporation of Charlotte,
North Carolina; American Financial Group, Inc. of Cincinnati, Ohio; arid Leggett & Platt, Inc. of
Carthage, Missouri.

   10. To date, eleven of these companies have agreed to revise their EEO
policies to forbid discrimination based on sexual orientation and gender identity, without
requiring a stockholder proxy vote. As a result, the Funds have withdrawn those resolutions.
Additionally, ExxonMobil has agreed for the eighth year in a row to submit the Funds' proposal
to the shareholders. Other than Apache, no other company requested a "no-action" letter from
the SEC.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 16, 2008.

Patrick Doherty

**EXHIBIT J**

From: Teslik, Sarah [mailto:Sarah.Teslik@usa.apachecorp.com]
Sent: Wednesday, November 07, 2007 11:05 AM
To: Sylvester, Kenneth
Subject: First, thank you for taking the time to speak with me this morning

I appreciate it, especially as I'm sure your office hadn't warmed up yet.  I am hoping you'll be at the PLI conference Thursday-Saturday and that I'll see you there as well.  And perhaps at the conference at the former Essex House at the end of the month as well.

Second, I want to reiterate that I was not trying to talk you out of the goal reflected in the shareholder proposal your funds submitted to Apache, but rather to make clear that we already have a binding policy that does precisely what the proposal requests.

The only difference is wording.  I know some companies prefer policies that give a list of classes against which they will not discriminate. We prefer to do that, and do more than that, by specifying we do not discriminate against any protected class.  So you are asking us to do something we already do--we just do it differently (and, I think, better) by having not just specified some categories but by making clear we ban discrimination against any protected class.  As a global company this allows us to be legal and comprehensive in all the jurisdictions in which we operate.

I look forward to working with you.  I'm off now to see an old NY (in this case, state, not city) colleague of yours, Tom Pandick.  And I saw Jon Lukomnik and Karen in the last couple weeks as well--small world.

************************************************************************
Sent from the New York City Office of the Comptroller. This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. This footnote also confirms that this email message has been swept for the presence of computer viruses.
************************************************************************

**EXHIBIT K**

From: Teslik, Sarah <Sarah.Teslik@usa.apachecorp.com>
To: Sylvester, Kenneth
Sent: Wed Nov 21 12:22:00 2007
Subject: Happy Thanksgiving.  I just left you a voicemail but am
following up by email as well in case you are out.

I wanted to leave you some time, before contacting you again, in case
you wanted to get back to me, because we agreed to leave the ball in
your court.  But I am contacting you again now because I believe-and
Apache believes-that communication is better than confrontation and
that, too often, communication between shareholders and corporations
takes a confrontational approach from the start.


I am following up with some additional information that I have obtained
since we last chatted.  As I mentioned then, Apache believes in taking
exclusively work-related criteria into account when making work-related
decisions such as hiring, evaluating, promoting and retaining employees.
We thus do not ask employees to tell us about their gender orientation
or history as we believe those are irrelevant to jobs at Apache.


We do maintain a short list of protected categories in our employment
policies.  This list has evolved in response to requirements of
government contracts we have.  As those contracts come up for renewal we
will have opportunities to re-address the categories on our list.  The
fact that a category is not on our list does not mean, however, that we
consider it an appropriate subject for work-related decisions; it simply
means it isn't part of this government contracting or basic
legal-requirements process.


Further, as a global company, we are in a different position than other
companies with whom you interact.  There are countries in which we do
business where we would do active harm to the kinds of employees you
seek to protect by labeling them and then announcing them to be in a
special protected category.  There are countries, for example, where it
is illegal to identify oneself as something that would be protected in
some US jurisdictions.  When you set policies for New York City you do
not need to be mindful of these difficulties, but we, as a global
entity, do.  So to provide a workplace that is genuinely safe for all
employees, whatever their categories, backgrounds or preferences, we
take the approach that we do.  To do otherwise would be irresponsible.


In light of these facts I suspect you'll be able to see that withdrawing
your proposal best promotes the goal you state you are seeking.  In
addition, I'd like to suggest an additional step that would be the best
replacement following withdrawal of the proposal:  a face-to-face
meeting with our CEO.   We believe-and we hope you do too-that shared
goals are better obtained through communication than through
proxy-rule-sanctioned proposal strikes.  We'd therefore like to offer,
as a substitute for a withdrawn proposal, a frank meeting with our CEO,

whether with you, your trustees or a subset of those with whom you work. I think you know people in other proxy circles (such as environmental ones) who have had such meetings and found them highly productive and substantive-we are very real, honest and open here.

I hope this is helpful follow up.  We felt we owed it to you in any event.  Do have a Happy Thanksgiving, and, if the papers are to be believed, eat lots of cranberries as there won't be any left for December celebrations.

Sarah Ball Teslik

Sr. Vice President Policy and Governance

2000 Post Oak Boulevard

Suite 100

Houston, Texas 77056

P - 713.296.6306

F - 713.296.6377

Sarah.Teslik@apachecorp.com

*********************************************************************
Sent from the New York City Office of the Comptroller. This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. This footnote also confirms that this email message has been swept for the presence of computer viruses.
*********************************************************************